IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Randal Ricci, | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 18-cv-6993 |
| | ) | |
| -vs- | ) | *(Judge Kennelly)* |
| | ) | |
| Darrin Salzman, et al., | ) | |
| | ) | |
| *Defendants*. | | |

## MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

Defendants move to dismiss presumably under Rule 12(b)(1), asserting that the "court lacks jurisdiction over the defendants because of the doctrine of derivative jurisdiction." (ECF No. 14 at 3.) The Seventh Circuit rejected this jurisdictional theory in *Rodas v. Seidlin*, 656 F.3d 610 (7th Cir. 2011); as the Court of Appeals explained in *Hammer v. United States Department of Health and Human Services*, 905 F.3d 517 (7th Cir. 2018), "derivative jurisdiction is not an issue of subject-matter jurisdiction." *Id.* at 535. The Court should therefore deny the motion to dismiss.

### I. Facts

The plaintiff Randal Ricci is the custodial parent of minor child G.R. (Amended Complaint, ¶ 2.) Ricci was awarded custody of his minor child in a divorce proceeding in state court, which decreed that he has the authority to apply for all benefits for his minor child. (*Id.*)

The minor child is the recipient of Supplemental Security Income, or "SSI" benefits (Amended Complaint, ¶ 4) and is required by federal regulations to have a "representative payee" to manage her benefits. (Amended Complaint, ¶ 5.) Ricci served as the "representative payee" from November of 2015 to August of 2018. (Amended Complaint, ¶ 6.)

In August of 2018, the defendants, all employees of the Social Security Administration, concluded that plaintiff was not the legal guardian of his minor child (Amended Complaint, ¶ 7), and removed Ricci as the "representative payee." (Amended Complaint, ¶ 8.) The defendants informed plaintiff that their finding that he is not the legal guardian of his minor child and their decision to remove him as the representative payee were non-reviewable and were not subject to judicial review. (Amended Complaint, ¶ 9.)

Plaintiff initially filed a *pro se* action in state court, asking the judge presiding over the divorce matter to enforce plaintiff's parental rights. (ECF No. 1.) The defendants removed the case to this Court pursuant to 28 U.S.C. § 1361 and plaintiff, now represented by counsel, filed an amended complaint. (ECF No. 11.) Defendants have moved to dismiss. Although the motion is silent about the subsection of Rule 12 on which it is based, defendants presumably rely on Rule 12(b)(1) of the Federal Rules of Civil

Procedure because they argue that the "court lacks jurisdiction over the defendants because of the doctrine of derivative jurisdiction." (ECF No. 14 at 3.)

## II. The Court Should Reject the Facts Advanced by Defendants

Defendants offer a variety of factual assertions to support their Rule 12(b)(1) motion. (ECF No. 14 at 1-2.) According to defendants, the SSA removed plaintiff as the representative payee of his minor child because he has not provided "requested documents." (ECF No. 14 at 2.) The SSA asserts that it has "attempted to locate a more suitable representative payee but has not been successful." (*Id.*)

The Court should ignore these factual contentions because they do not go to the existence of subject matter jurisdiction but rather address the correctness of defendants' decision to remove plaintiff as the representative payee.

Whether the Court has subject matter jurisdiction turns on whether plaintiff "is a proper party to invoke judicial resolution." *IPOX Schuster, LLC v. Nikko Asset Management Co., Ltd.*, 191 F. Supp. 3d 790, 806 (N.D. Ill. 2016), *Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845, 852 (7th Cir. 2012). Plaintiff, individually and for his minor child, has standing to complain about interference by defendants with his parental rights, both

as a matter of federal constitutional law, *see e.g.*, *Stanley v. Illinois*, 405 U.S. 645 (1972), and because defendants' action intrudes on the unique state interest in "determining or reviewing a child custody decision." *Palmore v. Sidoti*, 466 U.S. 429, 431 (1984).

The thrust of defendants' evidence appears to be to convince the Court that "the evidence indisputably shows that it will win on the merits." *IPOX Shuster, LLC v. NIKKO Asset Management Co., Ltd.*, 191 F. Supp.3d 790, 807 (N.D. Ill. 2016), But "[t]his is an argument for summary judgment." *Id.* The Court should therefore ignore the factual contentions advanced by defendants.

### III. Derivative Jurisdiction Is Not an Issue of Subject-Matter Jurisdiction

Defendants acknowledge *Hammer v. United States Department of Health and Human Services*, 905 F.3d 517 (7th Cir. 2018) and characterize its statement that "derivative jurisdiction is not an issue of subject-matter jurisdiction," *id.* at 525, as *dicta* that the Court should not follow. (ECF No. 14 at 4.) The Court should reject this request to ignore the rules of "our hierarchical judicial system." *Frank v. Walker*, 768 F.3d 744, 750 (7th Cir. 2014).

*Hammer* cited *Rodas v. Seidlin*, 656 F.3d 610, 619 (7th Cir. 2011), for the proposition that "derivative jurisdiction is not an issue of subject-

-4-

matter jurisdiction." The Court in *Rodas* described derivative jurisdiction "as a procedural bar to the exercise of federal judicial power." 656 F.3d at 619. "That is, the doctrine creates a defect in removal, but is not an essential ingredient to federal subject matter jurisdiction." *Id.*

This Court, of course, must follow decisions from the Court of Appeals and must therefore reject defendants' jurisdictional argument.

### IV. Removing Plaintiff as the Representative Payee of His Minor Child Is Reviewable by Mandamus

Defendants concede that the decision to remove plaintiff as the "representative payee" of his minor child "is not subject to administrative review." (ECF No. 15 at 5.) Defendants do not dispute that their action interferes with plaintiff's parental rights and do not challenge the express allegation of the amended complaint that they told plaintiff that their finding that he is not the legal guardian of his minor child was non-reviewable. (Amended Complaint, ¶ 9.)

Defendants argue, however, the plaintiff cannot challenge their interference with his parental rights because "there is no final order." (ECF No. 14 at 5.) The Court should reject this argument.

First, there is no merit in defendants' argument that interfering with plaintiff's parental rights is the same as "denying a request to be a made a representative payee." (ECF No. 14 at 5.) Plaintiff is the custodial

parent of his minor child; the Court should not permit defendants to interfere with plaintiff's parental rights.

Second, neither of the district court decisions cited by defendants involve interfering with parental rights. The plaintiff in *Jackson v. United States*, No. 07 CV 7216, 2008 WL 4089540 (N.D. Ill. Aug. 21, 2008) was a corporation that collected Social Security benefits for clients for a fee. *Id.* at *1. Interference with this contractual relationship did not involve any of the constitutional issues involved in disregarding a state court order making plaintiff the custodial parent of his minor child. Similarly, the plaintiff in *Maldonado Guzman v. Commissioner of Social Sec.*, 182 F.Supp.2d 216, 219 (D. Puerto Rico 2002) "was a special needs foster child in the care and custody of the county where she resided." *Id.* at 219. The child's father, who unlike the plaintiff in this case, was not the custodial parent, attempted to challenge the decision of the SSA to appoint the County as the representative payee, rather than the non-custodial parent. In this case, the SSA removed plaintiff as the representative payee, telling the minor child that her father was not her guardian.

The amended complaint fairly alleges that defendants have interfered with plaintiff's parental rights and mandamus would be an appropriate remedy.

-7-

## V. Conclusion

The Court should therefore deny the motion to dismiss.

        Respectfully submitted,

      /s/ Kenneth N. Flaxman
        KENNETH N. FLAXMAN
        ARDC No. 830399
        JOEL A. FLAXMAN
        200 S Michigan Ave Ste 201
        Chicago, IL 60604-2430
        (312) 427-3200
        *attorneys for plaintiff*