IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RANDAL RICCI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18 C 6993 |
| | ) |
| DARRIN SALZMAN, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff Randal Ricci was awarded custody of his minor child, G.R., in state court. He alleges that the state court decreed that he has authority to apply for government/public assistance benefits for G.R. G.R. receives Supplemental Security Income (SSI) and requires a "representative payee" to receive and manage her benefits. Ricci was the representative payee for G.R. through August 2018, when the Social Security Administration (SSA) allegedly determined that he was not G.R.'s legal guardian and removed him as the representative payee. He alleges that the written determination stated that it was not reviewable and not subject to judicial review. Ricci then filed a *pro se* lawsuit in state court, asking the divorce court judge to enforce his claimed rights. He named as defendants several SSA employees allegedly responsible for the adverse determination. The defendants removed the case to federal court under 28 U.S.C. § 1442.

The defendants have now moved to dismiss based on the doctrine of "derivative jurisdiction." Under this doctrine, removal jurisdiction under section 1442 is considered to derivative of that of the state court, so if the state court lacked subject matter

jurisdiction over the claim, the federal court does not acquire jurisdiction upon removal—even if it would have had jurisdiction if the case had originally been filed in federal court. Defendants argue that the state court lacked jurisdiction over them because they are federal officers acting under color of their office, and the SSA has not waived sovereign immunity.

Ricci argues, citing *Rodas v. Seidlin*, 656 F.2d 610 (7th Cir. 2011), and *Hammer v. U.S. Department of Health and Human Services*, 905 F.3d 517 (7th Cir. 2018), that "derivative jurisdiction" is actually not a matter of subject matter jurisdiction at all, and that it doesn't bar Ricci's case. Ricci is correct that the Seventh Circuit has concluded that derivative jurisdiction is not actually an ingredient of federal subject matter jurisdiction but rather is "a procedural bar to the exercise of federal judicial power." *Rodas*, 656 F.3d at 625.

The court's actual decision in *Rojas*, however, was not that "derivative jurisdiction" is a dead letter, but rather that because it is not a matter of subject matter jurisdiction strictly speaking, the doctrine is subject to the limitation in *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 700 (1972), specifically that it is the sort of defect that must be raised before the trial court and cannot be asserted for the first time on appeal after the trial court has ruled on the merits of the case. Here, however, defendants *did* raise the issue promptly in the trial court, before any merits ruling was made. In that circumstance, this Court agrees with those courts in this circuit that have concluded that the doctrine of derivative jurisdiction, though not "jurisdictional" strictly speaking, nonetheless requires dismissal. See *Ajabu v. Harvey*, No. 1:18-cv-01243, 2018 WL 3586588, at *5-6 (S.D. Ind. July 26, 2018) (collecting cases). A "procedural

bar," even if not a jurisdictional impediment to suit, is still a bar. If plaintiff wishes to pursue his claim, he will have to refile it as a federal lawsuit.

## Conclusion

For the reasons stated above, the Court directs the Clerk to enter judgment dismissing the case without prejudice.

Date: August 16, 2019

                                               _____
                                                     MATTHEW F. KENNELLY
                                                     United States District Judge